## CIRCUIT COURT OF CHESTERFIELD COUNTY

Bandy

v.

Haley Pontiac

December 5, 1989

Case No. CL 2650-88

By JUDGE JOHN F. DAFFRON, JR.

This matter comes before the Court on defendant's motion to dismiss on the ground of accord and satisfaction. Plaintiff alleges that she purchased a Pontiac Grand Am from the defendant on March 30, 1987. At the time of sale, plaintiff received an odometer mileage statement stating that the vehicle's mileage was 36 miles. Upon presentation of the actual car purchased, it was revealed that the car's actual mileage was 378 miles.

Defendant's motion to dismiss is based on the fact that the defendant tendered, and the plaintiff accepted, a check for $100.00 in accord and satisfaction of the difference in mileage.

Plaintiff has two objections to the motion to dismiss, the first being that the defense of accord and satisfaction must be raised in the grounds of defense and cannot now be raised in a motion. The fundamental rule in Virginia is that the defense of accord and satisfaction must be "made the subject of a special plea or stated specifically in the grounds of defense." M. Burks, *Common Law and Statutory Pleading and Practice*, Section 9 (4th ed. 1952). The Court finds that the defendant's motion to dismiss was substantially a special plea in that it sets forth facts which, if proven, would act as an absolute defense

to the action. Therefore, I find that the defendant may appropriately raise the issue in a motion to dismiss.

Plaintiff's second objection is that the plaintiff never intended to accept the check in satisfaction of the mileage deficiency. Clearly, the law is that, "There can be no accord and satisfaction unless the debtor intends the offer as satisfaction of the demand and such intention is clearly made known to the creditor and accepted by the creditor in accordance with the debtor's intention." *M & B Construction Co. v. Mitchell*, 213 Va. 755 (1973).

The first of these three elements, that the debtor intends the offer as satisfaction of the demand, was clearly supported by testimony and the evidence of the check itself, which carries the notation: "Excessive mileage on car - Grand Am." The second element, that such intention is clearly made known to the creditor, is also supported by the notation on the check as well as an intuitive reading of the facts. It would hardly have been logical for the defendant to have voluntarily paid the plaintiff $100.00 if he thought he would continue to be subjected to liability.

The final element, that the offer be accepted by the creditor in accordance with the debtor's intention, is the crux of this case. Whether an offer is accepted is, of course, a subjective test, but objective facts can be examined to determine acceptance. In this case, it would appear that the offer was accepted. The check, complete with the notation, "Excessive mileage on car - Grand Am," was accepted by the plaintiff. Further, that check was negotiated by the plaintiff. I think that it can be safely implied from these actions that there was acceptance.

In conclusion, I grant defendant's motion to dismiss.